Shauck, J.
The provisions of the statute brought into view by this proceeding in error relate to proceedings in attachment before justices of the peace. They are Section 6494, which provides for the release of attached property upon the giving of a bond in double its appraised value conditioned that the property, or its appraised value, shall be forthcoming to answer the judgment, and Section 6513, which provides for a release and discharge of the property and the attachment upon the giving of a bond by the defendant in double the amount of the plaintiff’s claim conditioned that the defendant shall perform the judgment of the justice. The adjudications in the state generally relate to Sections 5529 and 5545 which make like provisions as to proceedings in attachment in the court of common pleas, and the adjudications with respect to them are helpful by analogy at least in the present inquiry. The difference between these modes of obtaining the release of property taken in attachment proceedings without the delay and injury to the defendant’s property, which might be required to test the validity of the proceedings in the attachment, is obvious, and to a realization of its importance it is necessary only to consider how far the value of the property attached may exceed, or fall short of, the amount of the plaintiff’s claim. *308 The importance of the right thus conferred upon the defendant to secure in one of the modes the immediate release of his property is obviously very great. It has been pointed out in Fortman v. Rottier and Hoenig, 8 Ohio St., 548, and Alexander et al. v. Jacoby et al., 23 Ohio St., 358, and in numerous cases there cited. In Alexander et al. v. Jacoby et al. the defendant, after giving bond under Section 5529 to secure the release of his property, brought suit upon the undertaking given to secure the issuance of the attachment because it had been wrongfully obtained. It was there objected, as it is here, that .the prosecution of that suit was barred by the giving of the bond to secure the release of the property, because it appeared as a waiver of the. defendants’ right to contest further the validity of the attachment, but the point was expressly overruled, the court saying in the syllabus,. “The execution of a redelivery bond, under Section 5529, Revised Statutes, by the defendant in attachment cannot be set up as a bar to his right of action on the attachment undertaking.” The four sections of the statute above referred to contain no provision which would authorize the conclusion that with respect to the right of the defendant to contest the validity of the attachment after giving the bond there is any difference whatever between their objects.
It is said that a bond given under either section takes the place of the attached property. The proposition is justified by the reasons involved, as well as by the language of the court in the well considered cases. But what is its significance in the present inquiry? If the bond had not been given the property would have been held under the attach *309 ment but subject to be discharged and released on motion, because the affidavit upon which the attachment was issued was untrue. If the bond merely takes its place, it must be liable to be defeated for the same reason. It seems quite clear that in sustaining the motion to discharge the attachment, notwithstanding the giving of the bond, the court of common pleas regarded the bond as substituted for the attached property and as accomplishing no purpose whatever beyond such substitution.
Certainly the statute does not in terms express the legislative intention that the validity of the attachment may or may not be contested after the giving of the bond by the defendant. But the legislature was providing for the seizure of property in certain cases before judgment. The cases in contemplation were exceptional, and the proceeding authorized was conditioned upon a substantial compliance with the statute. An essential requirement was an affidavit with respect to which it was required, not only that its allegations should bring the case within one of the contemplated exceptions, but also that they should be true. In the absence of terms requiring it there appears to be no propriety in imputing to the general assembly an intention to encourage the filing of false affidavits. Not only is the judgment under review consistent with the general character of the legislation considered, but it was required by the express terms of Section 5522, Revised Statutes. By that section, following the provisions with respect to bonds to be given by the defendant, and in view of all the effect which it was intended that such bonds should have, it is provided as applicable, to all cases, whether bonds have been given by the defendants or not: “The de *310 fendant may at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or any part of the property attached.” No reason is presented which would justify a court in placing a limit upon the right which the statute has thus conferred upon the defendant without limit. Although this precise question does not appear to have been presented to this court in any former case, it has in the cases cited in the briefs of counsel expressed views respecting bonds executed by defendants in attachment proceedings which strongly support the judgment below. It would be very difficult, if not quite impossible, to reconcile the contrary conclusion with the doctrine of Alexander et al. v. Jacoby et al. A question not distinguishable from this was presented to the superior court of Cincinnati in Egan v. Lumsden & McGovern, 2 Disney, 168, decided in 1858, where upon careful reasoning by Judge Storer, the court reached a conclusion in harmony with the judgment under review, and in several other cases decided by courts of inferior jurisdiction the same conclusion was reached. It is true that in one case reported by a Nisi Prius court of this state, there was a conscious departure from this view, but although an erroneous conclusion was reached in that case it presents nothing which should be regarded as seriously disturbing the prevailing harmony upon the subject. The bond was given for the obvious purpose of securing a release of the attached property. What consideration there may be for a bond of that character if the attachment is invalid, the case does not call upon us to determine. But whatever consequences may follow it seems safe to hold, in the *311 light of the legislation and adjudication, that a plaintiff in an attachment proceeding cannot better his condition by filing a false affidavit.
Judgment affirmed. '
Crew, C. J., Summers, Spear and Davis, JJ., concur.